# Exhibit D



# IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA
## CIVIL ACTION—LAW

| | |
|---|---|
| GRAHAM B. SPANIER, | Docket No. 2013-2707 |
| Plaintiff, | Type of case: Defamation |
| | Type of Pleading: Motion to Stay |
| v. | Filed on Behalf of: Plaintiff |
| LOUIS J. FREEH and FREEH SPORKIN & SULLIVAN, LLP, | Counsel of Record: Elizabeth K. Ainslie (Pa. I.D. No. 35870) |
| Defendants. | |

2013 OCT 18 PM 4:21

*Attorneys for Plaintiff Graham B. Spanier*

SCHNADER HARRISON SEGAL & LEWIS LLP
Elizabeth K. Ainslie (Pa. I.D. No. 35870)
  eainslie@schnader.com
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103-7286
Telephone: (215) 751-2000
Facsimile: (215) 751-2205

| | |
|---|---|
| GRAHAM B. SPANIER,<br><br>Plaintiff,<br><br>v.<br><br>LOUIS J. FREEH and FREEH SPORKIN & SULLIVAN, LLP,<br><br>Defendants. | COURT OF COMMON PLEAS OF CENTRE COUNTY<br><br>No. 2013-2707 |

2013 OCT 18 PM 4:22

## PLAINTIFF'S MOTION TO STAY CIVIL PROCEEDINGS

AND NOW, Plaintiff, Dr. Graham B. Spanier ("Spanier"), by and through the undersigned counsel, respectfully moves this Court to stay these proceedings pending the resolution of the related criminal case which is ongoing in the Court of Common Pleas of Dauphin County, docket number CP-22-MD-0001387-2012, and states in support thereof:

1.   Defendant Freeh Sporkin & Sullivan, LLP ("FSS") was engaged by the Special Investigations Task Force on behalf of the Board of Trustees of the Pennsylvania State University ("PSU") as Special Investigative Counsel on November 21, 2011, to perform an investigation of the alleged failure of PSU personnel to respond to and report on allegations that former PSU assistant football coach Gerald A. Sandusky ("Sandusky") had sexually abused minors on PSU's campus.

2.   The lead attorney for FSS in its role as Special Investigative Counsel was defendant Louis J. Freeh ("Freeh").

3.   On July 12, 2012, FSS released the "Report of Special Investigative Counsel Regarding the Actions of The Pennsylvania State University Related to the Child Sexual Abused Committed by Gerald A. Sandusky" (the "Freeh Report").

4.   As it relates to Spanier, the Freeh Report proclaimed, among other allegations, that he "repeatedly concealed critical facts relating to Sandusky's child abuse from the authorities, [PSU's] Board of Trustees, the Penn State community, and the public at large." Freeh Report at 16.

5. The Freeh Report is false and defamatory as it relates to Spanier. Spanier did not once conceal facts about Sandusky's child abuse, let alone "repeatedly" do so.

6. On June 5, 2013, the undersigned counsel for Spanier wrote to Freeh to request that he enter into a tolling agreement on behalf of himself and FSS that would obviate the need to commence an action against Freeh and FSS in July of 2013. *See* Letter from E. Ainslie to L. Freeh (June 5, 2013), attached as Exhibit A to the Memorandum of Law in Support of this Motion.

7. On June 13, 2013, Freeh declined the request that he enter into a tolling agreement.

8. Therefore, on July 11, 2013, Spanier commenced this action by filing a Praecipe for Writ of Summons with the prothonotary.

9. Had Spanier not filed the Praecipe for Writ of Summons by July 12, 2013, his cause of action against the Defendants for the defamatory statements in the Freeh Report would be barred by the one-year statute of limitations in Pennsylvania for causes of action for libel and slander.

10. On November 1, 2012, a presentment was returned and a charge issued in the Court of Common Pleas of Dauphin County charging Spanier

3

with endangering the welfare of children, perjury, obstruction of justice, criminal conspiracy, and failure to report sexual assault. This criminal matter is docketed at CP-22-MD-0001387-2012.

11. Both the underlying civil action and the criminal action are predicated on the same allegations—that Spanier concealed facts about Sandusky's child abuse.

12. Neither party in this case will be prejudiced by a delay pending the resolution of the criminal action.

13. In contrast, failure to stay this proceeding will greatly prejudice Spanier. There is likely to be significant overlap in the witnesses called for each case, and witnesses may refuse to testify in this matter on Fifth Amendment grounds, leading unfairly to adverse inferences against Spanier in this case and an inability to fairly litigate his claims.

14. A stay would also promote judicial efficiency of this action, as the resolution of the criminal trial, which concerns the same allegations at issue here, will likely sharpen the issues in this matter or eliminate the necessity of litigating certain issues.

WHEREFORE, plaintiff Graham Spanier requests that this court order that the above-captioned action, including any requirement to file a complaint, is stayed pending the resolution of the criminal action against him.

Respectfully submitted,

_____
Elizabeth K. Ainslie (Pa. I.D. No. 35870)
SCHNADER HARRISON SEGAL &
LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103-7286
Telephone: 215-751-2000
Facsimile: 215-751-2205

*Attorney for Plaintiff Graham B. Spanier*

Dated: October 18, 2013

IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA
CIVIL ACTION

| | |
|---|---|
| GRAHAM B. SPANIER,<br>　　　　Plaintiff<br><br>vs.<br><br>LOUIS J. FREEH and<br>FREEH SPORKIN & SULLIVAN, LLP<br>　　　　Defendants | :<br>:<br>:<br>:　No. 2013-2707<br>:<br>:<br>:<br>: |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's Motion to Stay has been served by U.S. mail, postage prepaid, on this 18th day of October, 2013 to the following attorneys:

　　　　Robert C. Heim, Esquire
　　　　Michael L. Kichline, Esquire
　　　　Asha T. Mehrotra, Esquire
　　　　William T. McEnroe, Esquire
　　　　DECHERT LLP
　　　　Cira Center
　　　　2929 Arch Street
　　　　Philadelphia, PA 19104-2808

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Jaime M. Leon