# Exhibit E

Anslie
Heim
Kichline
Mehrotra
McEnroe
Welsh

**IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA**
**CIVIL ACTION – LAW**

| | |
|---|---|
| GRAHAM B. SPANIER, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LOUIS J. FREEH and FREEH SPORKIN, ) <br> & SULLIVAN, LLP, ) <br> Defendants. ) | No. 2013-2707 |

*Attorney for Plaintiff:*                      Elizabeth K. Anslie, Esquire
*Attorneys for Defendants:*             Robert C. Heim, Esquire
                                                            Michael L. Kichline, Esquire
                                                            Asha T. Mehrotra, Esquire
                                                            William T. McEnroe, Esquire
                                                            Lisa M. Welsh, Esquire

## OPINION AND ORDER

Presently before the Court is a Motion to Stay Civil Proceedings filed by Graham B. Spanier (hereinafter "Plaintiff"). Argument was held on Plaintiff's Motion on January 7, 2014 and each party submitted filings in support of their position. Upon review of the documents and argument submitted by each party, Plaintiff's Motion to Stay Civil Proceedings is hereby **GRANTED**.

### Background

On July 11, 2013, Plaintiff filed a Praecipe for a Writ of Summons to initiate a defamation action against Louis J. Freeh, Freeh Sporkin & Sullivan, LLP (hereinafter "Defendants") and Pepper Hamilton, LLP (as successor by merger to Freeh Sporkin & Sullivan, LLP.) A writ was issued on the same day and reissued by request of Plaintiff on August 2, 2013. An amended writ was issued on September 12, 2013, dropping Pepper Hamilton, LLP from the instant action.

☒O  ☐RD  ☐S



Defendants filed a Praecipe to File Complaint on September 30, 2013, and a Rule was issued the same day. On October 18, 2013, Plaintiff filed a Motion to Stay Civil Proceedings, requesting a stay in the above-captioned action until the ongoing criminal action against him in Dauphin County is resolved. Argument was held on Plaintiff's Motion on January 7, 2014 and each party submitted filings in support of their position.

## Discussion

Stays in civil actions pending the resolution of ongoing criminal actions are governed by a six-factor balancing test. The factors a court must weigh are as follows: 1) extent of overlap between the cases; 2) status of the case; 3) interest in proceeding expeditiously weighed against prejudice caused by delay; 4) private interests of and burden on the defendant; 5) interests of the Court; and 6) public interest. *See In Re: Adelphia Communications Securities Litigation*, 2003 WL 22358819 (E.D. Pa. 2003); *Anderson v. Scott*, 2011 WL 10795429 (C.P. Lawrence 2011). This test "[safeguards] an individual's Fifth Amendment privilege against any unnecessary privilege that befalls the other party as a result." *Anderson* at *1. Accordingly, if possible, a Court should "accommodate a party's Fifth Amendment interests" if it can do so without placing the opposing party at a disadvantage. *Id.* The Court will address each factor in turn.

### I. Extent of Overlap

The first factor this Court must consider is the extent to which the issues in the criminal and civil cases overlap. Plaintiff has been charged in Dauphin County with endangering the welfare of children, perjury, obstruction of justice, criminal conspiracy, and failure to report sexual assault. The document authored and released by Defendants on which Plaintiff partially bases his claim (hereinafter "the Freeh Report") concluded Plaintiff and several other university employees were complicit in concealing the activities of Gerald Sandusky from the Board of

2

Trustees, the University community, and authorities. The Freeh Report further concluded that Plaintiff and other university employees, by their nonfeasance, failed to protect against a child sexual predator and permitted him to operate unchecked for more than a decade after learning of the incident which occurred in the Lasch Building in 2001. These are, in essence, the same allegations supporting the charges filed against Plaintiff in Dauphin County—that Plaintiff intentionally concealed Sandusky's child abuse.

Defendants cite a decision by the Honorable Thomas G. Gavin, specially presiding over *McQueary v. Pennsylvania State University* (Centre County Docket Number 2012-1804), in which Judge Gavin denied the Pennsylvania State University's motion for stay pending the resolution of the criminal charges pending against Plaintiff, Timothy M. Curley, and Gary C. Schultz. However, the instant case is distinguishable. In *McQueary*, the speech which is the alleged basis of the defamation count (i.e., a statement by Plaintiff in support of Curley and Schultz) is not related to the criminal charges filed against Plaintiff, Curley, or Schultz. Conversely, the allegedly defamatory statements in the Freeh Report are very similar to the basis of the charges filed against Plaintiff, and the outcome of the criminal case may affect the case *sub judice*.

The Court finds this factor weighs in favor of granting Plaintiff's Motion.

## II. Status of Criminal Case

The second factor this Court must consider in determining whether to grant a stay is the status of the criminal case, including whether the Plaintiff has been indicted. "A court is most likely to grant a stay of civil proceedings where an indictment has been returned." *Anderson*, 2011 WL 10795429 at *2, citing *State Farm Mutual Auto Insurance Co. v. Bechham-Easely*, 2002 WL 31111766 (E.D. Pa. 2002).

3

The Dauphin County District Attorney has formally charged Plaintiff with endangering the welfare of children, perjury, obstruction of justice, criminal conspiracy, and failure to report sexual assault. Curley and Schultz have also been formally charged. There is a substantial risk, therefore, that any or all of these individuals could invoke their Fifth Amendment rights during the civil action and refuse to participate in the discovery process. This would then subject Plaintiff to the negative inferences that a jury is permitted to draw from the assertion of a witness's right against self-incrimination.

It is anticipated that Plaintiff's criminal trial will be held sometime this year. Should the civil case proceed prior to the resolution of the criminal trial and should Plaintiff decline to assert his Fifth Amendment rights, any testimony he offered could be used against him in his criminal trial. Further, any evidence offered in the civil case would also be relevant to the criminal case, including anything stated in Plaintiff's complaint, which requires a sworn verification. Thus, Plaintiff may be at risk of exposing himself to criminal liability by proceeding. Conversely, should Plaintiff choose to refrain from testifying, from including certain allegations in his complaint, or from presenting certain evidence in his pursuit of the civil case, an underdeveloped and incomplete record may result. *See Anderson*, 2011 WL 10795429.

The Court finds this factor weighs in favor of granting Plaintiff's Motion.

### III. Non-Moving Party's Interest in Proceeding Expeditiously Weighed Against Prejudice Caused by Delay

In this case, Plaintiff has requested a stay in the civil case he initiated. Therefore, the analysis of the factor that would normally balance the plaintiff's interest as the non-moving party in proceeding expeditiously against the prejudice caused by a delay is slightly different, as this Court must balance Defendants' interest in proceeding expeditiously in this case against the prejudice caused to Defendants by any delay.

4

Defendants argue granting the stay would prejudice them as they will not have access to Plaintiff's complaint to form a basis for Plaintiff's defamation action, witnesses may forget pertinent facts if the Court does not proceed expeditiously, and allowing the allegations against them to remain unanswered is severely damaging to their reputation. The Court acknowledges there is generally a policy in Pennsylvania to permit defendants in defamation cases to make an investigation of claims made against them while the evidence is still fresh in the mind of witnesses. *Evans v. Philadelphia Newspapers*, 601 A.2d 330, 333 (Pa.Super. 1991). In this particular matter, however, it is not likely that prospective witnesses will forget important details. The events giving rise to the instant litigation were highly publicized and it is quite unlikely those involved will forget details to such a degree that would warrant the denial of a stay.

Further, resolution of the criminal action may eliminate the necessity of litigating certain issues in the civil case due to the close relation of the nature of the allegations in each case and could potentially encourage settlement or withdrawal of some or all of the claims, outcomes that could be beneficial to Defendants.

Finally, due to the requirements of the Speedy Trial Act, the burden of waiting to dispense with the civil claim on Defendants is lessened.

The Court finds this factor does not weigh significantly in favor of denying a stay.

### IV. Private Interests of and Burden on Moving Party

As with the preceding factor, the Court's analysis must necessarily differ, as Plaintiff is the moving party. The Court must balance the private interests of Plaintiff in having the stay granted against the burden on him should the Court deny the stay.

As discussed above, should this Court deny Plaintiff's request for a stay, Plaintiff will bear the burden of having to litigate his defamation claim and defend himself in the Dauphin

5

County criminal action. In addition to incurring additional expenses in litigating the two actions concurrently, Plaintiff may have to choose between testifying and waiving his Fifth Amendment right against self-incrimination or invoking his Fifth Amendment rights and not testifying in his civil suit, which could place him at a disadvantage in one or both proceedings. *See Cotter v. State Civil Serv. Comm'n*, 297 A.2d 176 (Pa.Cmwlth. 1972) (holding continuance should have been granted where criminal charges were pending against appellant, as "to do otherwise forced the appellant to choose unnecessarily to refrain from testifying in his own defense, and this resulted in an undeveloped and incomplete record.") Further, even the simple act of filing a complaint, which must contain a verification sworn under penalty of law, could potentially place Plaintiff at a disadvantage in his criminal proceedings by exposing him to criminal liability. Conversely, should Plaintiff choose to exclude certain statements from his complaint, he may potentially be placed at a disadvantage in the civil suit.

In addition, both Curley and Schultz have also been formally charged in Dauphin County with the same crimes as Plaintiff. As discussed above, there is a likely possibility that they will assert their Fifth Amendment rights should Plaintiff or Defendants attempt to depose them or subpoena them to testify at trial. Again, this would result in an incomplete and underdeveloped record.

The Court finds this factor weighs in favor of granting Plaintiff's Motion.

V.     **Interests of Court**

The Court has an interest in expeditiously resolving the cases that come before it. However, the Court also has a strong interest in judicial efficiency. Due to the significant overlap between the case *sub judice* and the criminal case in Dauphin County, resolution of the criminal action may encourage settlement, or may eliminate the necessity of litigating certain

6

issues in the civil case, which would promote judicial economy.

VI. **Public Interest**

The Court finds that granting Plaintiff's Motion will neither benefit nor hurt the public interest. Although a civil litigant has an interest in the prompt disposition of his or her private claims, the public has a greater interest in the enforcement of the law in criminal cases. *Kaiser v. Stewart*, 1997 WL 66186 (E.D.Pa. 1997).

For the reasons discussed above, Plaintiff's Motion for Stay is **GRANTED**. Accordingly, the following is entered:

## ORDER

AND NOW, this 25th day of February, 2014, after hearing and review of the documents submitted by both parties, the Motion for Stay filed by Plaintiff is hereby **GRANTED**.

BY THE COURT:

Jonathan D. Grine, Judge