IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRAHAM B. SPANIER,<br><br>    Plaintiff,<br>vs.<br><br>LOUIS J. FREEH AND FREEH SPORKIN & SULLIVAN, LLP,<br><br>    Defendants. | Case No. 4:14-CV-01316-MEM<br><br>(Hon. Malachy E. Mannion) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY**

Plaintiff Graham B. Spanier respectfully submits this Memorandum of Law in Support of his Motion For Leave to Conduct Jurisdictional Discovery.

Dated: August 8, 2014

By: /s/ *Elizabeth K. Ainslie*
Thomas A. Clare (D.C. Bar. No. 461964)
(*pro hac vice* pending)
Elizabeth M. Locke (D.C. Bar. No. 976522)
(*pro hac vice* pending)
Andrew C. Phillips (D.C. Bar. No. 998353)
(*pro hac vice* pending)
CLARE LOCKE LLP
902 Prince Street
Alexandria, Virginia 22314
Telephone: (202) 628-7400

Elizabeth K. Ainslie (Pa. Bar Id. No. 35870)
S<span>CHNADER</span> H<span>ARRISON</span> S<span>EGAL</span> & L<span>EWIS</span> LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103-7286
Telephone: (215) 751-2359

*ATTORNEYS FOR PLAINTIFF*

# INTRODUCTORY STATEMENT

Currently pending before the Court is Plaintiff's August 8, 2014 Motion to Remand. Because Defendants improperly removed this case from state court based solely on a writ of summons, and because no complaint has been filed in state court, Defendants' removal was defective under well-established Third Circuit law. Accordingly this case must be remanded immediately to the Court of Common Pleas of Centre County, Pennsylvania.

However, should the Court determine that an immediate remand is not required based on this threshold defect of the Notice of Removal (July 9, 2014 Notice of Removal [Dkt. 1]), Plaintiff requests, in the alternative, that the Court enter an order authorizing Plaintiff to conduct limited jurisdictional discovery to determine the citizenship of Defendant Freeh Sporkin & Sullivan, LLP for purposes of 28 U.S.C. § 1332(a). Defendants' Notice of Removal fails to identify the current and former partners of Defendant Freeh Sporkin & Sullivan, LLC – or the citizenship of those partners. Moreover, publicly available information on the website of Defendant Freeh Sporkin & Sullivan, LLP (http://www.freehsporkinsullivan.com (Ex. A)) identifies a "managing partner" of that firm who is a Pennsylvania citizen. This fact, if true, would destroy complete diversity and divest the Court of jurisdiction under 28 U.S.C. § 1332(a).

Given the incomplete factual record proffered by Defendants in support of Defendants' Notice of Removal, as well as the apparent inconsistencies between Defendants' Notice of Removal and Defendant's own internet website, Plaintiff seeks leave to conduct limited jurisdictional discovery to determine — once and for all — the citizenship of Defendant Freeh Sporkin & Sullivan, LLP and the citizenship of its current and former partners.

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

Plaintiff initiated this action on July 11, 2013 by filing a Praecipe to Issue Writ of Summons in the Court of Common Pleas of Centre County. (Ex. B at 2-3.) The Praecipe named as defendants Louis J. Freeh, the law firm of Freeh Sporkin & Sullivan, LLP ("FSS"), and the law firm of Pepper Hamilton LLP. (*Id*.) The Civil Cover Sheet accompanying the Praecipe states that the "Nature of the Case" is "Slander/Libel/Defamation" — and that Plaintiff's action seeks unspecified monetary damages from Defendants. (*Id*. at 1.) The Prothonotary issued the Summons on July 11, 2013. (*Id*. at 4-5.) On September 12, 2013, Plaintiff filed a Praecipe to Issue Amended Writ of Summons dismissing Pepper Hamilton LLP as a defendant. (Ex. C at 1-2.)

On September 30, 2013, Defendants Freeh and FSS filed a "Praecipe to File Complaint" requesting that the Prothonotary enter a "Rule upon Plaintiff to File a Complaint." (Ex. D at 1-2.) The Rule was entered the same day. (*Id*. at 3.) On

October 18, 2013, Plaintiff filed a Motion to Stay Civil Proceedings, asking the court to stay the defamation action until criminal proceedings pending against Dr. Spanier and others are concluded. (Ex. E.) On February 25, 2014, the Centre County trial court granted Plaintiff's Motion to Stay — and rejected Defendants' request for an order requiring Plaintiff to file a complaint. (Ex. F.) Defendants appealed the trial court's decision and, on June 30, 2014, the Superior Court of Pennsylvania dismissed Defendants' appeal for lack of jurisdiction. (Ex. G.) As a result, the trial court's order staying the defamation case remained in effect.

On July 9, 2014, Defendants filed a Notice of Removal, thereby removing the instant action to this Court. (Notice of Removal [Dkt. 1].) On August 8, 2014, Plaintiff filed a motion to remand the action to state court because, among other reasons, well-established Third Circuit law prohibits Defendants from removing an action based solely on a writ of summons, before a complaint has been filed in the state court. (*See generally* Pl.'s Aug. 8, 2014 Mem. of Law in Supp. of Mot. to Remand.)

Plaintiff's Motion to Remand also argues that Defendants have failed to meet their burden of showing that complete diversity exists by a preponderance of the evidence. (*Id.*, Section II.) Specifically, the Notice of Removal did not identify the partners of FSS at the time this action was filed or at the time of removal, nor did Defendants provide the citizenship of each partner of FSS. (*Id.*)

5

Plaintiff's Motion to Remand also notes that, although Plaintiff's Notice of Removal flatly asserts that none of FSS's partners are Pennsylvania citizens, FSS's internet website identifies Joel M. Friedman as a "managing partner" of the firm. (Ex. A.) Mr. Friedman was a Pennsylvania citizen at the time this action was filed in state court, and, upon information and belief, was a Pennsylvania citizen at the time Defendants' removed this action.

## STATEMENT OF QUESTIONS INVOLVED

1. Should Plaintiff be permitted to conduct targeted discovery to determine the citizenship of Defendant Freeh Sporkin & Sullivan, LLP, where Defendants' Notice of Removal does not properly allege the defendant-partnership's citizenship, and the partnership's own website indicates that a "managing partner" of the firm is a citizen of the same state as Plaintiff?

*Suggested Answer:* **YES.**

## ARGUMENT

For the reasons stated in Plaintiff's August 8, 2014 Memorandum of Law in Support of Motion to Remand, Defendants' attempt to remove this defamation action to federal court is premature and defective. Accordingly, this action should be remanded to state court without the need for any further proceeding. However, should the Court determine that an immediate remand is not required based on this threshold defect of the Notice of Removal, Plaintiff requests, in the alternative, that

the Court enter an order authorizing Plaintiff to conduct limited jurisdictional discovery to determine the citizenship of Defendant Freeh Sporkin & Sullivan, LLP, for purposes of 28 U.S.C. § 1332(a).

Federal law requires that in order for a district court to exercise jurisdiction premised on diversity, the amount in controversy must exceed $75,000, and the action must be "between [] citizens of different states." 28 U.S.C. § 1332(a). The latter requirement has long been interpreted to necessitate that the parties be "completely diverse," meaning that no plaintiff is a citizen of the same state or territory as any defendant. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 247 (3d Cir. 2013). Where a party to a suit is a partnership, "the complete diversity requirement demands that all partners be diverse from all parties on the opposing side." *Swiger v. Allegheney Energy, Inc.*, 540 F.3d 179, 183 (3d Cir. 2008). The burden of showing complete diversity by a preponderance of the evidence rests squarely on Defendants, the parties seeking to invoke the Court's jurisdiction. *Mala*, 704 F.3d at 248. Complete diversity must exist both at the time the action is filed in state court **and** at the time of removal. *Am. Dredging Co. v. Atlantic Sea Con, Ltd.*, 637 F. Supp. 179, 181 (D.N.J. 1986).

The allegations in Defendants' Notice of Removal are wholly insufficient to meet their burden of showing complete diversity. Defendants allege only that "Freeh is a partner of Freeh Sporkin. No partner of Freeh Sporkin is a citizen of

Pennsylvania." (Notice of Removal ¶ 16 [Dkt. 1].) Defendants do not actually identify the partners of FSS nor do they identify those partners' states of domicile. *See Lawrence Org. v. Heritage Gord, Inc.*, No. 3:08-CV-00359, 2008 WL 598302, at *1 (M.D. Pa. Feb. 29, 2008) (plaintiff partnership failed to "specifically allege the citizenship of each partner"); *Servicemaster Diversified Health Servs., Inc. v. Episcopal Hosp.*, No. 96-5902, 1997 WL 43006, at *1 (E.D. Pa. Jan. 28, 1997) (held that an affidavit from partnership's attorney stating no partner was domiciled in Pennsylvania was insufficient because it was necessary to specifically state the domicile of each partner); *Lincoln Benefit Co. v. AEI Life, LLC*, No. 13-4117, 2014 WL 1343266, at *4 (D.N.J. Apr. 4, 2014) (allegation that LLC's members were diverse from plaintiff held insufficient where individual members and their place of domicile were not identified). Moreover, Defendants' Notice of Removal does not identify the states of citizenship of FSS's partners at the time the action was commenced.

Plaintiff has attempted to procure this information from other sources, but FSS's filings with the District of Columbia (where FSS is registered as an LLP) are not publicly available. The limited information available regarding the composition of the partnership — namely, FSS's own website — reveals that a Pennsylvania citizen names Joel M. Friedman is listed as a "managing partner" of the firm. (*See* Ex. A.) Accordingly, the only evidence available, and thus a

preponderance of the evidence, demonstrates that complete diversity does not exist in this case. In short, Defendants have not met their burden.

Because Defendants have not met their burden of establishing the citizenship of Defendant Freeh Sporkin & Sullivan, LLP for purposes of 28 U.S.C. § 1332(a), and because publicly available information on the website of Defendant Freeh Sporkin & Sullivan, LLP (http://www.freehsporkinsullivan.com) appears to contradict statements in Defendants' Notice of Removal, Plaintiff should be entitled to conduct limited discovery to determine — once and for all — the citizenship of Defendant Freeh Sporkin & Sullivan, LLP and the citizenship of its current and former partners.

Specifically, Plaintiff requests an order authorizing Plaintiff to conduct the following discovery:

- Three (3) requests for production of documents directed to Defendant Freeh Sporkin & Sullivan, LLP;

- Three (3) interrogatories directed to Defendant Freeh Sporkin & Sullivan, LLP; and

- One (1) corporate representative deposition of Defendant Freeh Sporkin & Sullivan, LLP pursuant to Federal Rule of Civil Procedure 30(b)(6).

District courts in this circuit have allowed such discovery for the purpose of establishing the citizenship of unincorporated entities. *See, e.g., Swiger v. Allegheny Energy, Inc.*, No. 05-CV-5725, 2007 WL 442383, at *1 (E.D. Pa. Feb. 7,

2007) (noting that the court ordered jurisdictional discovery to establish the citizenship of the defendant partnership, a law firm); *In re PMTS Liquidating Corp.*, 490 B.R. 174, 185 (D. Del. 2013) (ordering jurisdictional discovery to determine the citizenship of an LLC's individual members); *Coleman v. Chase Home Fin., LLC*, No. 08-2215(NLH)(JS), 2009 WL 1323598, at *4 (D.N.J. May 11, 2009) ("Therefore, the Court will instruct the parties to engage in jurisdictional discovery in order to concretely establish—or not—this Court's jurisdiction over this limited liability company defendant."). In order to ensure that the scope of discovery remains limited, Plaintiff is requesting leave to serve upon FSS only: three requests for production of documents; three interrogatories; and one deposition notice pursuant to Federal Rule of Civil Procedure 30(b)(6).

## **CONCLUSION**

For the foregoing reasons, Plaintiff requests that the Court grant its Motion for Leave to Conduct Jurisdictional Discovery.

> By: /s/ *Elizabeth K. Ainslie*
> Thomas A. Clare (D.C. Bar. No. 461964)
> (*pro hac vice* pending)
> Elizabeth M. Locke (D.C. Bar. No. 976522)
> (*pro hac vice* pending)
> Andrew C. Phillips (D.C. Bar. No. 998353)
> (*pro hac vice* pending)
> CLARE LOCKE LLP
> 902 Prince Street
> Alexandria, Virginia 22314
> Telephone: (202) 628-7400

Elizabeth K. Ainslie (Pa. Bar Id. No. 35870)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103-7286

*ATTORNEYS FOR PLAINTIFF*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's Memorandum of Law in Support of His Motion for Leave to Conduct Jurisdictional Discovery in the above-captioned matter was served on the below counsel of record on August 8, 2014, via the Court's electronic filing system.

Robert C. Heim
Michael L. Kichline
Asha T. McEnroe
DECHERT LLP
Cira Center
2929 Arch Street
Philadelphia, PA 19104-2808
(215) 994-4000 (telephone)
(215) 994-2222 (facsimile)

*Attorneys for Defendants Louis J. Freeh and Freeh Sporkin & Sullivan, LLP*

Dated: August 8, 2014            By: /s/ *Elizabeth K. Ainslie*
                                                  Elizabeth K. Ainslie