# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRAHAM B. SPANIER, | : : : : |
| Plaintiff, | : |
| vs. | : : |
| LOUIS J. FREEH AND FREEH SPORKIN & SULLIVAN, LLP, | : Case No. 4:14-CV-01316-MEM : : (Hon. Malachy E. Mannion) |
| Defendants. | : : : : : |

---

## PLAINTIFF'S CONSOLIDATED REPLY BRIEF IN SUPPORT OF HIS MOTION TO REMAND AND RESPONSE TO DECLARATIONS SUBMITTED BY DEFENDANTS IN RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

Plaintiff Graham B. Spanier, through his undersigned counsel, respectfully submits this Consolidated Reply Brief in Support of His Motion to Remand and Response to Declarations Submitted by Defendants in Response to the Court's Order to Show Cause.

Dated: September 12, 2014

By: /s/ *Elizabeth K. Ainslie*
Thomas A. Clare (D.C. Bar. No. 461964)
(admitted *pro hac vice*)
Elizabeth M. Locke (D.C. Bar. No. 976552)
(admitted *pro hac vice*)

Andrew C. Phillips (D.C. Bar. No. 998353)
(admitted *pro hac vice*)
CLARE LOCKE LLP
902 Prince Street
Alexandria, Virginia 22314
Telephone: (202) 628-7400

Elizabeth K. Ainslie (Pa. Bar Id. No. 35870)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103-7286
Telephone: (215) 751-2359

*ATTORNEYS FOR PLAINTIFF*

**TABLE OF CONTENTS**

INTRODUCTORY STATEMENT.............................................................................1

ARGUMENT ....................................................................................................3

I.   Defendants Concede That Removal Was Defective............................................3

II.  The Court Should Deny Defendants' Request for an Advisory Opinion...........5

III. Defendants Have Not Met Their Burden of Demonstrating Diversity. ............8

CONCLUSION ...............................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aetna Life Ins. Co. v. Haworth*,
   300 U.S. 227 (1937).................................................................................6

*Ball v. Metropolitan Life Ins. Co.*,
   No. 3:CV-14-0239, 2014 WL 806423 (M.D. Pa. Feb. 28, 2014).................4

*Burns v. G.S. Nelson Elec.*,
   No. 91-2335, 1991 WL 77588 (May 6, 1991).........................................14

*Campbell v. Oxford Elec., Inc.*,
   No. 07-0541, 2007 WL 2011484 (E.D. Pa. July 5, 2007).........................4

*Card v. USA Truck, Inc.*,
   No. 3:13CV2538, 2013 WL 5597151 (M.D. Pa. Oct. 11, 2013)................4

*Carlton Properties, Inc. v. Crescent City Leasing Corp.*,
   212 F. Supp. 370 (E.D. Pa. 1962)........................................................14

*Dragani v. Genesse Valley Investors, LLC*,
   No. 11-1193(WJM)(MF), 2011 WL 2491066 (D.N.J. June 6, 2011)..........13, 14

*Fox v. Kelly*,
   No. 91-0775, 1991 WL 64646 (E.D. Pa. Apr. 23, 1991).........................14

*Freeland v. Liberty Mut. Ins. Co.*,
   No. 07-6160 (MLC), 2008 WL 2625226 (D.N.J. June 27, 2008)...............6

*Garza v. Midland Nat'l Ins. Co.*,
   256 F. Supp. 12 (S.D. Fla. 1966)........................................................15

*Global Transactions, LLC v. Global Spectrum Pico PTE, Ltd.*,
   No. 12-7208, 2013 WL 842712 (E.D. Pa. Mar. 7, 2013).......................14

*Gumbert v. Tiffin Loader Crane Co.*,
   No. 08-1199, 2008 WL 3992632 (W.D. Pa. Aug. 28, 2008).....................4

*In re Avandia Mktg., Sales Prac. & Prods. Liab. Litig.*,
   941 F. Supp. 2d 568 (E.D. Pa. 2013)....................................................4

*In re Rickel Home Ctrs., Inc.*,
   209 F.3d 291 (3d Cir. 2000)..............................................................6, 7

*Lane v. CBS Broadcasting Inc.*,
   No. 08-CV-0777, 2008 WL 910000 (E.D. Pa. Apr. 2, 2008).....................4

*Mala v. Crown Bay Marina,*
    704 F.3d 239 (3d Cir. 2013) ................................................................9

*Mattia v. Philadelphia Liberty Place, L.P.,*
    No. 13-0695, 2013 WL 1234732 (E.D. Pa. Mar. 27, 2013) ......................4

*Mulrine v. Air Contact Transp., Inc.,*
    No. 06-3903, 2006 WL 2598013 (E.D. Pa. Sept. 11, 2006) ......................4

*Sikirica v. Nationwide Ins. Co.,*
    416 F.3d 214 (3d Cir. 2005) ................................................................3

*Smith v. Commonwealth,*
    684 A.2d 647 (Pa. Cmwlth. 1996) ......................................................11

*Steel Valley Auth. v. Union Switch & Signal Div.,*
    809 F.2d 1006 (3d Cir. 1987) ..............................................................9

*Step-Saver Data Sys., Inc. v. Wyse Tech.,*
    912 F.2d 643 (3d Cir. 1990) ............................................................5, 6

*Texas v. U.S.,*
    523 U.S. 296 (1998) ...........................................................................6

*USX Corp. v. Adriatic Ins. Co.,*
    345 F.3d 190 (3d Cir. 2003) ..............................................................13

**Statutes**

15 Pa.C.S. § 8311 ...................................................................................11

28 U.S.C. § 1446(b) ...............................................................................13

28 U.S.C. § 1446(b)(1) .......................................................................1, 3, 8

28 U.S.C. § 1446(c)(1) ...................................................................1, 4, 8, 13

28 U.S.C. § 1653 ....................................................................................13

**Rules**

Pa.R.C.P. 1007........................................................................................3

**Other Authorities**

14C Fed. Prac. & Proc. § 3733 ...............................................................14

# INTRODUCTORY STATEMENT

Defendants Louis J. Freeh and Freeh Sporkin & Sullivan, LLP's ("FSS")
Memorandum of Law in Opposition to Plaintiff's Motion to Remand [Dkt. 18]
("Opposition" or "Opp'n") to Plaintiff Graham B. Spanier's Motion to Remand
[Dkt. 7] is most notable for what it does ***not*** say. While Defendants' Opposition
goes on at length about the "predicament" that Defendants believe themselves to
be in with respect to the posture of this case, and requests that the Court deny Dr.
Spanier's Motion to Remand, nowhere does the Opposition actually argue that this
Court can take jurisdiction of a case that was removed from state court prior to the
filing of a complaint in state court. In fact, the Opposition explicitly concedes the
point, acknowledging repeatedly that binding Third Circuit precedent holds that an
action cannot be removed from a Pennsylvania state court based solely on a writ of
summons because the 30-day window for removal under 28 U.S.C. § 1446(b)(1)
does not begin to run until a complaint is filed. (Opp'n at 2, 9-11.) There is no
dispute between the parties on this unambiguous rule, and as a result, this action
must be remanded.

The remainder of Defendants' Opposition makes clear that what Defendants
really seek is for this Court to issue an advisory opinion predicting whether the
one-year bar found in 28 U.S.C. § 1446(c)(1) will apply if this case is timely
removed in the future, and whether federal subject-matter jurisdiction will exist if

this case is removed based on diversity jurisdiction in the future. (*See* Opp'n at 15-20.) Such a ruling would be a classic advisory opinion. There are multiple contingencies that could occur (and, indeed, will occur in this case) between remand and any potential future removal that would render such an opinion a nullity. Moreover, there is simply no reason for this Court to make such a prediction; if in the future this case is removed based on diversity jurisdiction, the judge in this district to whom the case is assigned can then address this case in a ripened posture and determine whether it belongs in federal court.

Finally, separate and apart from the temporal defectiveness of Defendants' attempt to remove this case, the declarations submitted by Defendants in their Response to the Court's Order to Show Cause do not satisfactorily demonstrate diversity in this matter. The declarations do not address or explain the curious fact that — to this very day — FSS's own website lists a partner of the firm that is a citizen of Pennsylvania, and they do not explain the relationship between FSS and the Pennsylvania law firm Pepper Hamilton LLP. Nor have Defendants demonstrated that a Notice of Removal, which is completely missing indispensable jurisdictional allegations, can be amended more than one year from the commencement of the action in state court.

For all of the foregoing reasons, Defendants fail to meet their burden to demonstrate that removal of this action was proper. Accordingly, this action must be remanded to the Court of Common Pleas of Centre County, Pennsylvania.

## ARGUMENT

## I. Defendants Concede That Removal Was Defective.

As set forth in detail in Dr. Spanier's Memorandum of Law in Support of Motion to Remand, federal law provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the *initial pleading* setting forth the claim for relief upon which such action or proceeding is based…." 28 U.S.C. § 1446(b)(1).[1] The Third Circuit Court of Appeals has squarely held that this thirty-day clock within which removal must be effected does not begin to run based on the filing of a praecipe for a writ of summons under Pa.R.C.P. 1007. Instead, the "initial pleading" that allows a defendant to remove a case can only be a complaint. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 223 (3d Cir. 2005) ("a writ of summons alone can no longer be the 'initial pleading' that triggers the 30-day period for removal under the first paragraph of 28 U.S.C. § 1446(b)."). Thus,

---

[1] Emphasis added unless otherwise specified herein.

3

a removal effected based on a writ of summons alone — prior to the filing of a complaint — is premature and the case must be remanded.[2]

Defendants concede that this is the law in the Third Circuit. (Opp'n at 2, 9-11.) And there is no dispute that Defendants removed this case based on a Pennsylvania writ of summons, without any complaint having yet been filed in state court. (*Id.* at 1-2.) Accordingly, this case is not removable at this time and must be remanded.

Defendants do not really argue otherwise. Instead, they argue that the fact that the case is stayed in state court put Defendants in a "predicament" where they believed they were in danger of running up against the one-year bar on removal set forth in 28 U.S.C. § 1446(c)(1). (*Id.* at 2-3.) But the alleged "predicament" notwithstanding, Defendants do not offer any argument or caselaw suggesting that this Court can accept the removal of this action at this time. Defendants also implicitly acknowledge that the stay was not the result of any attempt by

_____

[2] *See, e.g., Gumbert v. Tiffin Loader Crane Co.*, No. 08-1199, 2008 WL 3992632, at *1 (W.D. Pa. Aug. 28, 2008); *Lane v. CBS Broad. Inc.*, No. 08-CV-0777, 2008 WL 910000, at *7 (E.D. Pa. Apr. 2, 2008); *Campbell v. Oxford Elecs., Inc.*, No. 07-0541, 2007 WL 2011484, at *2 (E.D. Pa. July 5, 2007); *Mulrine v. Air Contact Transp., Inc.*, No. 06-3903, 2006 WL 2598013, at *1 (E.D. Pa. Sept. 11, 2006); *Ball v. Metro. Life Ins. Co.*, No. 3:CV-14-0239, 2014 WL 806423, at *1 (M.D. Pa. Feb. 28, 2014); *Card v. USA Truck, Inc.*, No. 3:13cv2538, 2013 WL 5597151, at *1 (M.D. Pa. Oct. 11, 2013); *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 941 F. Supp. 2d 568, 570-71 (E.D. Pa. 2013); *Mattia v. Philadelphia Liberty Place, L.P.*, No. 13-0695, 2013 WL 1234732, at *2 (E.D. Pa. Mar. 27, 2013).

Dr. Spanier to manipulate the forum in which this case is heard, but rather a request to the Centre County Court to stay proceedings pending the outcome of a related criminal proceeding. (*Id*. at 2.) Because a case filed in Pennsylvania state court is not removable unless and until a complaint is filed in state court, this action must be remanded.

## II.    The Court Should Deny Defendants' Request for an Advisory Opinion.

Defendants essentially acknowledge that their untimely removal is not permitted, but insist that they removed the action in good faith because the one-year bar on removal was approaching. (Opp'n at 7.) In other words, Defendants understand that they cannot remove the action now, but hope that by making the effort, they will be able to argue down the road that they exhausted their efforts to remove the case within one year of the commencement of the action in state court. (*See id*. at 3-4.) But Defendants then go a step further, asking this Court to decide *now* that if and when Defendants remove this case in the *future*, the removal will be proper and a district court will have subject-matter jurisdiction over the action. (*Id*. at 15-20.) That request is improper and should be denied.

Article III courts are constitutionally prohibited from rendering advisory opinions. *Step-Saver Data Sys., Inc. v. Wyse Tech*., 912 F.2d 643, 649 (3d Cir. 1990). Thus, a decree "advising what the law would be upon a hypothetical state of facts" is impermissible. *Id*. at 647 (quoting *Aetna Life Ins. Co. v. Haworth*, 300

U.S. 227, 240-41 (1937)).  Nor is an issue ripe for adjudication if it "rests upon contingent future events that may not occur as anticipated, or indeed may not occur as all." *Texas v. U.S.*, 523 U.S. 296, 300 (1998).  Moreover, the Third Circuit has recognized that "a ruling on the court's jurisdiction in the future would 'constitute nothing more than an advisory opinion based on a hypothetical scenario.'" *In re Rickel Home Ctrs., Inc.*, 209 F.3d 291, 307 (3d Cir. 2000); *see also Freeland v. Liberty Mut. Ins. Co.*, No. 07-6160 (MLC), 2008 WL 2625226, at *2 (D.N.J. June 27, 2008) (declining to rule on motions to sever before ruling on a remand motion because "subject matter jurisdiction is one of the 'contingent future events that may not occur as anticipated.'") (*quoting Texas v. U.S.*, 523 U.S. at 300).

Defendants mistakenly assert that Dr. Spanier has conceded that this case will be removable in the future.  Not so.  Dr. Spanier, in fact, has legal claims against other non-diverse parties that arise out of the same operative facts that give rise to the claims for defamation.  Any complaint that includes those claims, and which joins those additional non-diverse parties, would not be removable. Moreover, any number of other jurisdiction-defeating contingencies may occur that the parties cannot foresee with certainty at this time.  *See Step-Saver*, 912 F.2d at 648.  For example:

- Defendants could decide in the future that they prefer to litigate in state court and not remove the case at all;

- The amount in controversy could be affected by the complaint that is ultimately filed;

- The citizenship of Dr. Spanier, Freeh, FSS, and any other potential parties could change between now and the time of future removal, affecting diversity;

- Plaintiff could assert claims that implicate federal question jurisdiction;

- Defendants could (again) file a defective notice of removal that does not establish federal jurisdiction; or

- Conduct of the Plaintiff or the Defendants in the interim could affect the analysis of whether the one-year ban applies.

But rather than permit this Court to analyze diversity based on allegations in a complaint, Defendants want a "ruling [now] on the court's jurisdiction in the future." *See Rickel*, 209 F.3d at 307 (alteration supplied); (*see also* Opp'n at 19 ("Defendants Should Be Permitted to Remove This Action When Spanier Files a Complaint,") *id*. at 4 ("Defendants respectfully request that the Court hold that upon the filing of a complaint by Spanier in Centre County, Defendants are not barred … from removing this action to federal court.")).

Simply put, there is no rational reason for this Court to issue an order ***now*** advising as to whether subject-matter jurisdiction might exist in this case in the

future — if it is even removed in the future. Defendants have accomplished their goal of removing this action — albeit improperly — so that in the future they can say they did. Should this action be timely removed in the future, this Court can determine, based on the set of facts properly before it at the time, whether the one-year bar of 28 U.S.C. § 1446(c)(1) applies, and whether subject-matter jurisdiction otherwise exists.

## III.    Defendants Have Not Met Their Burden of Demonstrating Diversity.

Because this case was prematurely removed and must be remanded based on binding Third Circuit precedent and the plain language of 28 U.S.C. § 1446(b)(1), the Court need not reach the issue of whether diversity of citizenship exists between the current parties to this action. However, should the Court decide to rule on whether diversity exists in the current posture of this case, it should find that Defendants have not met their burden of demonstrating diversity. The declarations submitted by Defendant Louis J. Freeh [Dkt. 17-1] and Eugene R. Sullivan [Dkt. 17-2] in support of Defendants' August 22, 2014 Submission in Response To The Court's August 15, 2014 Order To Show Cause ("Defendants' Show-Cause Response" or "Defs.' Show-Cause Resp.") [Dkt. 17] do not remedy the glaring deficiencies and omissions in Defendants' Notice of Removal.

As the parties claiming federal jurisdiction, it is ***Defendants'*** burden to demonstrate diversity of citizenship by a preponderance of the evidence. *Mala v.*

*Crown Bay Marina*, 704 F.3d 239, 247 (3d Cir. 2013).  Moreover, "[i]t is settled that the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand."  *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (citation omitted).  Defendants' Notice of Removal and subsequent declarations leave a number of doubts that ought to be resolved in favor of remand.

First, Dr. Spanier demonstrated that FSS's own website lists a Pennsylvania citizen as a partner of the firm, which would destroy diversity.  (*See* Aug. 8, 2014 Pl.'s Mem. of Law in Supp. of Mot. to Remand [Dkt. 8] at 12-13, Ex. I); *see also Swiger v. Allegheney Energy, Inc.*, 540 F.3d 179, 183 (3d Cir. 2008) (all partners in a partnership must be diverse from all parties on the opposing side).  Defendants' Show-Cause Response and accompanying declarations claim that this individual, Joel M. Friedman, resigned from FSS prior to the commencement of this action in state court (*see* Defs.' Show-Cause Resp. at 4), but offer no explanation as to why he was still listed as a partner of FSS on the website at the time of removal.  In fact, as of September 12, 2014, Mr. Friedman is still listed on the FSS website, which states "Joel M. Friedman is a partner at Freeh Sporkin & Sullivan, LLP…."

(Ex. A).[3]  The fact that to this day, FSS continues to hold out Mr. Friedman as a partner of FSS flatly contradicts the statements in the declarations.[4]

In its Show Cause Order, the Court also inquired into the relationship between FSS and the Philadelphia law firm Pepper Hamilton LLP.  (Aug. 15, 2014 Order to Show Cause [Dkt. 14] at 2-3.)  Defendants' Show Cause Response claims that "[c]ontrary to media reports, FSS did not merge or otherwise combine with Pepper Hamilton, nor did Pepper Hamilton acquire FSS."  (Defs.' Show-Cause Resp. at 4.)  But again, the vague reference to "media reports" neglects to mention — or even begin to explain — FSS and Pepper Hamilton's own statements on the subject.  The homepage on the current FSS website includes a linked banner stating "Freeh Sporkin & Sullivan, LLP and Freeh Group International Solutions, LLC have joined Pepper Hamilton LLP." (Ex. B).[5]  This link in turn directs the reader to a news release *on the Pepper Hamilton website* which states:  "On August 28, 2012, former FBI Director and federal judge Louis J. Freeh and the lawyers from the law firm of Freeh Sporkin & Sullivan, LLP joined Pepper

---

[3] Available at http://www.freehsporkinsullivan.com/leaders?leader=3#leader.

[4] At a minimum, if the Court is not inclined to remand the case to state court immediately based on the other threshold grounds identified in Plaintiff's Motion to Remand, limited jurisdictional discovery is necessary to resolve this factual discrepancy, and to determine the exact relationship between FSS and Pepper Hamilton.

[5] Available at http://www.freehsporkinsullivan.com.

Hamilton LLP…. As part of this transaction, Freeh Sporkin & Sullivan, LLP is merging with Pepper Hamilton." (Ex. C).[6]

Thus, the public statements of both FSS and Pepper Hamilton belie Defendants' claims in support of complete diversity. Moreover, the attempt to hide behind corporate formality in arguing that "FSS remained a distinct and separate partnership from Pepper Hamilton" is not legally relevant under Pennsylvania law. (*See* Defs.' Show-Cause Resp. at 5.) In Pennsylvania, the Partnership Code defines a partnership as "an association of two or more persons to carry on as co-owners a business for profit. 15 Pa.C.S. § 8311. A partnership, unlike a corporation, is not recognized as an entity that is separate and distinct from that of the individuals who compose it." *Smith v. Commonwealth*, 684 A.2d 647, 648-49 (Pa. Cmwlth. 1996).

The clear statements by both FSS and Pepper Hamilton that the lawyers from FSS have "joined" the lawyers of Pepper Hamilton, and that the firms are "merging," strongly suggest that the two entities are not "separate and distinct," but are in fact a single partnership under the law. It appears that every partner of FSS as of August 2012 joined Pepper Hamilton. Notably, the declarations of Freeh and Mr. Sullivan *do not even suggest* that Freeh and Sullivan are currently — or were at the time of removal — carrying out any ongoing business as "Freeh

---

[6] http://www.pepperlaw.com/news.aspx?AnnouncementKey=1511.

Sporkin & Sullivan" that is separate from the business they are carrying on as partners of, and in concert with, Pepper Hamilton. In fact, Mr. Sullivan's profile on the Pepper Hamilton website explicitly disavows any ongoing involvement with FSS separate and apart from his status as a partner of Pepper Hamilton, stating: "*Previously*, when not recalled to active court service, Judge Sullivan *was* a senior partner in the D.C. law firm of Freeh, Sporkin & Sullivan LLP." (Ex. D).[7] Thus, the citizenship of individuals like Mr. Friedman, as well as the other partners of Pepper Hamilton, must be accounted for in determining the citizenship of FSS. As a Pennsylvania-based firm with offices in Philadelphia, Berwyn, Pittsburgh, and Harrisburg, there is no dispute that the partnership of Pepper Hamilton is comprised of individuals that are citizens of Pennsylvania.[8] Because Dr. Spanier is also a citizen of Pennsylvania, Defendants have not remotely met their burden of demonstrating complete diversity.

Finally, Defendants' Show-Cause Response does not address the threshold issue of whether the Notice of Removal can be amended to include Defendants' belated allegations and Mr. Freeh and Mr. Sullivan's belated averments of fact. While as a general rule notices of removal can be amended freely *before* the

---

[7] Available at http://www.pepperlaw.com/LegalStaff_Preview.aspx?LegalStaffKey=954.

[8] *See* http://www.pepperlaw.com/offices.aspx.

12

jurisdictional deadline, *see* 28 U.S.C. § 1653, courts have long recognized that the right to amend allegations in a notice of removal is circumscribed when the deadline for removal has passed prior to the attempted amendment. *See, e.g., Dragani v. Genesse Valley Investors, LLC*, No. 11-1193(WJM)(MF), 2011 WL 2491066, at *5 (D.N.J. June 6, 2011) (after expiration of the 30-day window for removal in 28 U.S.C. § 1446(b), "[j]urisdictional amendments are permitted only to the extent that they clarify or correct allegations already contained in the original notice."); *USX Corp. v. Adriatic Ins. Co*., 345 F.3d 190, 205 n.12 (3d Cir. 2003) (post-removal affidavits after the removal deadline may only add facts that "merely clarify (or correct technical deficiencies in) the allegations already contained in the original notice.").

Here, Defendants have acknowledged that they prematurely removed this case for fear for the one-year bar under 28 U.S.C. § 1446(c)(1). (Opp'n at 13.) But their initial Notice of Removal was fatally flawed,[9] and their attempted amendment by declaration, filed on August 22, 2014, comes well ***after*** the one-year anniversary of the commencement of the action, which was July 11, 2014.

---

[9] As Plaintiff argued in the Motion to Remand, the Notice of Removal failed to allege: (1) Dr. Spanier's citizenship at the time the action was commenced; (2) the citizenship of FSS's partners at the time the action was commenced; (3) the citizenship of FSS's partners at the time of removal; (4) Freeh's citizenship at the time the action was commenced; or (5) Freeh's citizenship at the time of removal. (*See generally* July 9, 2014 Notice of Removal [Dkt. 1].)

(*See id.* at 4.) Moreover, the declarations contain new jurisdictional allegations completely missing from the Notice of Removal.

A number of cases in this circuit and elsewhere have recognized that a failure to make such fundamental allegations cannot be cured by amendment after the removal deadline has passed. *See, e.g., Dragani*, 2011 WL 2491066, at *6 (amendment of a notice that fails to identify the citizenship of each party "would likely be impermissible because it seeks to add entirely new information to the original notice of removal," and a post-deadline amendment may not "furnish missing allegations.") (quoting 14C Fed. Prac. & Proc. § 3733, at 655); *Global Transactions, LLC v. Global Spectrum Pico PTE, Ltd.*, No. 12-7208, 2013 WL 842712, at *3-4 (E.D. Pa. Mar. 7, 2013) (defendant LLC's failure to allege its own citizenship could not be cured by amendment); *Carlton Properties, Inc. v. Crescent City Leasing Corp.*, 212 F. Supp. 370, 371-73 (E.D. Pa. 1962) (failure to allege all parties citizenship at time of commencement and time of removal cannot be cured by amendment because the amendment seeks to add new allegations, not clarify what is in the notice); *Burns v. G.S. Nelson Elec.*, No. 91-2335, 1991 WL 77588, at *1-2 (May 6, 1991) (a notice of removal that does not state the citizenship of the parties at the time the action is filed cannot be amended after the removal deadline because that would require addition of entirely new allegations); *Fox v. Kelly*, No. 91-0775, 1991 WL 64646, at *1-2 (E.D. Pa. Apr. 23, 1991) (same); *Garza v.*

*Midland Nat'l Ins. Co.*, 256 F. Supp. 12, 13-14 (S.D. Fla. 1966) (28 U.S.C. § 1653 does not apply where removing defendant fails to allege diversity at time of commencement because amendment would not merely remedy defective allegations, but by necessity add new allegations missing from the notice of removal).

Here, Defendants' Notice of Removal was simply missing a number of essential allegations. Defendants' declarations do not merely clarify or correct technical deficiencies in the Notice, but instead seek to add several new allegations. If the Court accepts Defendants' argument that removal was required because of the impending one-year deadline, then the Court must also find that Defendants cannot amend their notice to add entirely new allegations after the one-year deadline has passed.

## CONCLUSION

Plaintiff requests that the Court grant his Motion to Remand.

Dated: September 12, 2014      By: /s/ *Elizabeth K. Ainslie*

         Thomas A. Clare (D.C. Bar. No. 461964)
         (admitted *pro hac vice*)
         Elizabeth M. Locke (D.C. Bar. No. 976552)
         (admitted *pro hac vice*)
         Andrew C. Phillips (D.C. Bar. No. 998353)
         (admitted *pro hac vice*)
         CLARE LOCKE LLP
         902 Prince Street
         Alexandria, Virginia 22314

Telephone: (202) 628-7400

Elizabeth K. Ainslie (Pa. Bar Id. No. 35870)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103-7286
Telephone: (215) 751-2359

*ATTORNEYS FOR PLAINTIFF*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of Plaintiff's Consolidated Reply Brief in Support of His Motion to Remand and Response to Declarations Submitted by Defendants in Response to the Court's Order to Show Cause in the above-captioned matter was served on the below counsel of record on September 12, 2014, via the Court's electronic filing system.

> Robert C. Heim
> Michael L. Kichline
> Asha T. McEnroe
> DECHERT LLP
> Cira Center
> 2929 Arch Street
> Philadelphia, PA 19104-2808
> (215) 994-4000 (telephone)
> (215) 994-2222 (facsimile)
>
> *Attorneys for Defendants Louis J. Freeh and*
> *Freeh Sporkin & Sullivan, LLP*

Dated:  September 12, 2014        By:  <u>/s/ *Elizabeth K. Ainslie*</u>

                                                    Elizabeth K. Ainslie