**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GRAHAM B. SPANIER,** : | |
| : | |
| **Plaintiff** | **CIVIL ACTION NO. 4:14-1316** |
| : | |
| **v.** | |
| : | **(JUDGE MANNION)** |
| **LOUIS J. FREEH and** | |
| **FREEH SPORKIN & SULLIVAN LLP:** | |
| : | |
| **Defendants** : | |

# M E M O R A N D U M

This case's unusual procedural background has brought it before this court for a determination of whether its removal to this venue was proper and whether plaintiff's motion to remand the matter to the Centre County Court of Common Pleas must be granted. Pursuant to Pennsylvania procedure, plaintiff commenced this action by filing a writ of summons in state court on July 11, 2013. Because there is a criminal matter underlying the instant suit, the state court judge stayed the case pending resolution of the criminal case, and, despite defendants' attempts to fight the stay and force plaintiff to file a complaint, no complaint has yet been filed in the case. Anxious that if they did not remove the case within 28 U.S.C. §1446(c)(1)'s one-year time limit on the removal of diversity cases, their path to federal court would be permanently barred, defendants removed the case on July 9, 2014 despite the fact that no complaint had been filed. Plaintiff moves to remand on several bases, including that the removal was premature because no initial pleading has

been served in the case. After considering briefs and oral argument on the matter, the court has determined that the removal was premature and that the case must be remanded to the Court of Common Pleas of Centre County.

**I.    BACKGROUND**

Plaintiff Graham Spanier is a former president of the Pennsylvania State University ("Penn State"). During his tenure, the sexual abuse of children by former Penn State football coach Jerry Sandusky came to light. In November of 2012, plaintiff was charged with various crimes in Pennsylvania state court in connection with the Sandusky matter. No date has been set for trial in the plaintiff's criminal case.

Plaintiff instituted this suit against defendants Louis Freeh, Freeh Sporkin & Sullivan LLP ("FSS"), and Pepper Hamilton LLP by filing a writ of summons in the Centre County Court of Common Pleas on July 11, 2013. He filed an amended writ of summons against Louis Freeh and FSS on September 12, 2013, dropping Pepper Hamilton LLP from the case. The civil cover sheet for the state court writ indicates that "slander/libel/defamation" is the cause of action for the suit, (Doc. 1-2, at 2), a claim arising from the report issued by Freeh and FSS in connection with its investigation of the Sandusky matter.

After receiving the amended writ, defendants ruled plaintiff to file a complaint. (Doc. 1-5). Instead of doing so, plaintiff moved to stay the

2

proceedings in the civil case until his underlying criminal case is resolved. Defendants opposed the motion. A hearing on the stay was held in January 2014. Pennsylvania Court of Common Pleas Judge Jonathon Grine applied the six-part test governing whether a stay ought to be entered to protect a party's Fifth Amendment privilege, and determined that the balancing of the factors led to a conclusion that issuing the stay was appropriate on February 25, 2014. (Doc. 1-6). Defendants moved for reconsideration of the decision to impose a stay, but their motion was denied.

Defendants then appealed the motion to stay to the Superior Court of Pennsylvania, arguing various positions, including that the decision to stay the case put their right to remove the case to federal court in jeopardy. The Superior Court denied the appeal for lack of jurisdiction on June 30, 2014, because the order to stay proceedings did not qualify as a final appealable order. The Superior Court noted its belief that the claim would not be irrevocably lost if review were postponed until judgment in the case was final, because there is a chance that a federal court would find an equitable reason to allow defendants to remove the case outside of the one-year statutory deadline for removal of diversity cases mandated by 28 U.S.C. §1446. Following the denial of their appeal, the defendants removed the case to this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§1332, 1441, and 1446. (Doc. 1). Plaintiff moved to remand the case to the Court of Common Pleas of Centre County. (Doc. 7). The matter has been briefed,

(Docs. 8, 18, 21), and the court heard oral argument on the motion to remand on November 14, 2014.

## II. STANDARD OF REVIEW

"Under 28 U.S.C. §1441(a), defendants may generally remove civil actions from state court to federal district court so long as the district court would have had subject-matter jurisdiction had the case been originally filed before it." A.S. ex rel. Miller v. SmithKline Beecham Corp., 769 F.3d 204, 208 (3d Cir. 2014). Upon a motion to remand a removed action, the removing party bears the burden of demonstrating that removal was proper. Scanlin v. Utica First Ins. Co., 426 F. Supp. 2d 243, 246 (M.D. Pa. 2006) (*citing* Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)). "The party asserting jurisdiction bears the burden of showing the action is properly before the federal court." Id. "[R]emoval statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" A.S. ex rel. Miller, 769 F.3d, at 208 (*quoting* Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir.1992)).

## III. DISCUSSION

Defendants removed this action despite that fact that no complaint has yet been filed in the case. Defendants represent that they took this course of action to protect their rights because, due to the stay of the proceedings in

state court, their ability to remove the case within the constraints presented by various sections of 28 U.S.C. §1446 has been jeopardized.

> 28 U.S.C. §1446(b)(1) provides that:
>
> "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

While 28 U.S.C. §1446(b)(3) provides that:

> "...if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

And finally, 28 U.S.C. §1446(c)(1) states that:

> "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

Defendants removed this case on July 9, 2014 in order that it not be beyond the one-year removal limit imposed by §1446(c)(1), which some courts have ruled is an absolute bar on removal that begins to run at the time

of a filing of a writ of summons, which, under Pennsylvania law, properly commences an action. Pa.R.Civ.P. 1007. However, in removing the case, they failed to comply with §1446(b)(1).

The Third Circuit has determined that the 30-day period under §1446(b)(1) begins to run <u>only</u> when a complaint, and not merely a writ of summons, has been filed. Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 223 (3d Cir. 2005)(*relying on* Murphy Bros., Inc., v. Michetti Pipe Stringing, Inc., 526 U.S. 317 (1999)). In other words, while a writ of summons commences an action under Pennsylvania law, it "can no longer be the 'initial pleading' that triggers the 30-day period for removal" under §1446. Id.

Here, there is no dispute that no complaint has been filed in this case. Without such a complaint, the removal is premature. "[P]arties are forbidden from filing notice of removal prematurely, prior to the time when grounds for removal are apparent." Stephens v. State Farm Fire & Cas. Co., 2014 WL 1784686, at* 2 (Mar. 24, 2014 M.D. Pa. 2014). A writ of summons under Pennsylvania law "merely contains the plaintiff's name, the defendant's name, and notice that an action has been commenced, with the county, the date, the name of the prothonotary or clerk, and the deputy." Sikirica, 416 F.3d, at 222. Such information is not sufficient to give a defendant notice "what the action is about." Id., at 223. The writ of summons in this case is just such a bare-bones document as described in <u>Sikirica</u>. The court appreciates that complete diversity may exist in this case and that federal jurisdiction may possibly be

proper. However, in addition to diversity the court must determine that the amount in controversy exceed $75,000.00. No such information can be gleaned from the summons. Because "the complaint is the operative document for removal," and there is none in this case, *see* In re Avandia Marketing, Sales Practices and Products Liability Litig., 941 F.Supp. 2d 568, 571(E.D. Pa. 2013), the motion to remand must be **GRANTED** as a proper determination of removal is premature.

The court recognizes that the unusual circumstances of this case have put defendants in a difficult position as to their ultimate ability to remove the case to federal court, because once a complaint is filed and the defendants are able to remove it, it is possible that a federal court could rule that the year time limit for removal of §1446(c)(1) has elapsed. The court also recognizes that defendants have acted, both in their actions in state court and here, to protect their ability to remove the case. Nevertheless, the court must remand the case as it is guided by several principles.

First, it is well-settled that the removal rules are to be read strictly, and to favor remand. A.S. ex rel. Miller, 769 F.3d, at 208. Here, it is clear and undisputed that the removal was premature. Second, because the removal is premature, whether the case will be removable at a later date is not something that the court can determine now. There is no document from which the court can determine the removability of this action, and defendant does not dispute that fact in asking the court to rule that the one-year limit

does not apply. But defendant's desire for a ruling on the effect of §1446(c) effectively asks the court to make a determination that it will have jurisdiction in the future, and, as "a ruling on the court's jurisdiction in the future would 'constitute nothing more than an advisory opinion based on a hypothetical scenario,'" the court cannot make that determination at this time. In re Rickel Home Centers, Inc., 209 F.3d 291, 307 (3d Cir. 2000)(*citing* Moore's Fed. Practice §101.75 (3d ed. 1999)). While it is conceivable that the case will be removable in the future, it is also conceivable that it will not be so. As noted by counsel at the oral argument, plaintiff is evaluating whether to add additional parties and claims that might have the effect of destroying diversity jurisdiction.

Third, the law on the applicability of the one-year limitation is not firmly settled in this Circuit, and it is far from clear whether or not defendants would be barred from removing the case in the future. On one hand, some district courts have ruled that the one-year limit on removal is an absolute bar that runs from the date of the commencement of an action by filing a writ of summons. *See* Donato-Cook v. State Farm Fire & Cas. Co., 2009 WL 2169168 (M.D. Pa. Jul. 20, 2009); Penn Patio Sunrooms, Inc. v. Ohio Cas. Ins. Co., 2008 WL 919543 (M.D. Pa. Mar. 31, 2008); Namey v. Malcolm, 534 F.Supp. 2d 494 (M.D. Pa. 2008); Kowalski v. PBM Logistics, LLC 2012 WL 3890249 (M.D. Pa. Aug. 6, 2012); Samii v. Allstate Ins. Co., 2010 WL 3221924 (E.D. Pa. Aug. 12, 2010).

However, there are arguments supporting defendants' position as well. In the majority of the above cases, the defendants had taken no action to force plaintiffs to file complaints in a timely fashion, thus leading the courts to find that defendants were at least partially responsible for their own untimeliness in removing the cases. This case is in stark contrast, as defendants have acted diligently to protect their rights both in this court and in state court. Further, at least one district court in Pennsylvania has held that a stay in state court tolls the running of the one-year limitation in §1446. *See* Cabibbo v. Einstein/Noah Bagel Partners, L.P., 181 F.Supp. 2d 428, 430 (E.D. Pa. 2002).

What is more, several courts have disagreed with the above cases as to whether the one-year limit serves as an absolute bar and runs from the filing of a writ of summons. *See* Parker Hannifin Corp. v. Federal Ins. Co., 2014 WL 2457408 (W.D. Pa. May 29, 2014)(*citing* Sikirica, 416 F.3d at 220 in holding that the plain language of the statute shows the one-year removal limit "applies only if the initial pleading does not set forth the grounds for removal"); Heffran v. State Auto Property & Cas. Ins. Co., 2013 WL 4041171, at *4, n.3 (M.D. Pa. Aug. 7, 2013)(noting that the one-year limitation only applies when "the case stated by the initial pleading is not removable"); Sheller, Ludwig & Sheller, P.C. v. Catalano & Plache, PLLC, 2006 WL 3097837 (E.D. Pa. Oct. 27, 2006)(same). Thus, while the state of the law as to the one-year removal period is presently unclear, these conflicts may be

resolved by the Circuit Court by the time this case becomes ripe for removal pursuant to 1446(b). As such, it is far from clear whether this court's decision will preclude defendants from seeking and potentially obtaining a federal forum for this case in the future.

Finally, having determined that there is no operative document from which it is able to determine whether subject matter jurisdiction exists, the court will not address the issues raised by plaintiff as to whether there is complete diversity in this case.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's motion to remand, (Doc. 7), is **GRANTED**. The case is remanded to the Centre County Court of Common Pleas. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: November 26, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1316-01.wpd